Lillian Rasmussen, Appellee, v. Joseph T. Meilinger
et al. Thomas Brisch and Andreas Brisch, Appellants.

Gen. No. 22,870.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. SAMUEL
C. STOUGH, Judge, presiding. Heard in this court at the October
term, 1916. Reversed with finding of facts. Opinion filed June 11,
1917.

### Statement of the Case.

Action for personal injuries by Lillian Rasmussen,
plaintiff, against Joseph T. Meilinger and his wife,
Thomas Brisch, Andreas Brisch and the City of Chi-
cago, defendants. Defendants Meilinger were not
served and the jury found the City of Chicago not
guilty. There was a verdict and judgment against de-
fendants Brisch for $1,250, from which they appeal.

DANIEL M. HEALY, for appellants.

McCASKILL & McCASKILL, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the
court.

### Abstract of the Decision.

1. NEGLIGENCE, § 129*—*when plea in action for personal injuries
due to excavating too near public sidewalk is sufficient.* Where,
in an action for personal injuries, the declaration alleges that the
injury was caused by the act of defendants, while constructing a
building, in digging an excavation near a public sidewalk and in
negligently failing to safeguard it and that defendants were part-
ners, and defendants interposed a special plea that they were not
engaged in erecting the building, did not dig the excavation and did
not maintain it and were not guilty of the negligence charged,
such plea is sufficient to put plaintiff on proof of her averment that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

they dug the excavation, even though the plea does not deny the partnership averred in the declaration.

2. NEGLIGENCE, § 187*—*when evidence sufficient to show that excavation was not made by defendants.* In action for personal injuries alleged to have been caused by defendants' acts in creating and negligently maintaining an excavation, evidence *held* sufficient to show that the excavation was not dug by defendants.

3. NEGLIGENCE, § 131*—*when no recovery for failure to prove connection with ownership or operation of agencies causing accident.* In an action for personal injuries, there can be no recovery where there is a total failure to prove that defendants were connected with the ownership or operation of the agencies which caused the accident for injuries from which recovery is sought.